IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**KERLISA PARKER**                                                    **PLAINTIFF**

**VERSUS**                        **CIVIL ACTION NO.: 3:20-cv-00405-CWR-LRA**

**SMITH ROUCHON & ASSOCIATES INC.**                **DEFENDANTS**

**DEFENDANT'S MOTION TO DISMISS
OR FOR MORE DEFINITE STATEMENT OF CLAIM**

NOW COMES Defendant, Smith, Rouchon & Associates, Inc. ("SRA" or "the Defendant") hereby moves the court pursuant to F. R. Civ. P. 12(b)(6) to dismiss the unverified Complaint [#1] originally filed on behalf of the Plaintiff, Kerlisa Parker ("Plaintiff") by a Texas attorney, Chad Hammond ("Mr. Hammond"), pursuant to F. R. Civ. P. 12(b)(6). Alternatively, in the event that SRA's Motion is denied in whole or in part, SRA alternatively moves the Court for a more definite statement of claim.

1. The Complaint [#1] alleges a single cause of action under 15 U.S.C. § 1692e(8) of the Fair Debt Collection Practices Act ("the FDCPA"). In response to SRA's preliminary Motion to Dismiss for lack of jurisdiction filed in the United States District Court for the Southern District of Texas, Houston Division, Mr. Hammond consented to entry of a June 17, 2020-Order transferring this case to this Court. See [#13 on the Texas court docket (reproduced as Exhibit A to SRA Motion)]. SRA now responds to the Complaint in this Court by moving this Court to dismiss the Complaint for failure to state a claim upon which relief may be granted.

2. SRA's Motion to Dismiss is supported by a Declaration Under Penalty of Perjury pursuant to 28 U.S.C. § 1746, Exhibit B, by SRA's CFO, Samantha Oberhausen. The Declaration points out that the Complaint alleges at ¶ 6 that "Defendant is attempting to collect a consumer

1

type debt allegedly owed by Plaintiff to Lakeland Radiologist P.A. in the amount of $72.00….." However, Ms. Oberhausen points out that SRA was never asked by Lakeland Radiologists P.A. ("LRPA") to collect a debt from the Plaintiff in the amount of $72.00. *Id.,* ¶ 5. Instead, as of October 29, 2019, the Plaintiff actually owed four separate accounts to LRPA. All of these accounts were for amounts other than $72.00. *Id.*, ¶ 6.

3.  There is no reasonable doubt that all four of the LRPA accounts were legitimate obligations of the Plaintiff. See Exhibit B-1 to the Declaration (Admission Authorization Form personally signed and initialed by the Plaintiff on November 7, 2017); Exhibit B-2 (Plaintiff's Mississippi driver's license); Exhibit B-3 (SMRMC Outpatient Observation Reservation form); Exhibit B-4 (Plaintiff's LRPA bill and EOB. After the $71.74 bill was assigned to SRA for collection, SRA successfully mailed the Plaintiff a notice of her rights under 15 U.S.C. § 1692d of the FDCPA on or about March 1, 2018. SRA's March 1, 2018-letter was not returned "undelivered." The Plaintiff did not dispute or request validation or verification of her $71.74 debt within the 30 day time limit under § 1692d. Id ¶ 7.

4.  The Complaint, at ¶ 7 and ¶ 9, simply says that "Plaintiff disputes the alleged debt," without explaining why, and that "[o]n or about October 15, 2019, Plaintiff sent Defendant a letter disputing the alleged Debt." No such letter is exhibited with the Complaint, nor is the letter quoted or otherwise described in the Complaint. *Id.,* ¶ 8

5.  Exhibit B-5 to the Declaration is a true, correct, and complete reproduction of a letter that Ms. Oberhausen personally prepared and successfully mailed to the Plaintiff's Houston, Texas address via United States Postal Service, First Class, postage prepaid, on or about October 21, 2019. The information given in Exhibit B-5 is consistent with the related Southwest Mississippi Regional Medical Center ("SMRMC") and LRPA records exhibited with the declaration. *Id.,* ¶ 9

6. Ms. Oberhausen interpreted Ms. Parker's October 15, 2019-correspondence as a request for verification of her $71.74 account she legitimately owed to LRPA. Ms. Oberhausen's October 21, 2019-letter was not returned marked "undelivered" by the United States Postal Service, so Ms. Oberhausen had no reason to believe that the Plaintiff did not contemporaneous receive her letter in Texas within a few days after it was posted in Mississippi. *Id.*, ¶ 11.

8. SRA only utilizes its physical address as its mailing address. *Id.*, ¶ 12. SRA is the only business or mail recipient in its building. *Id.*, ¶ 13. SRA has an established, secure procedure for receiving and processing incoming mail. *Id.*, ¶¶ 14-18. Prior to the time that SRA was served with the Plaintiff's Complaint, SRA did not receive any sort of written or verbal reply from the Plaintiff concerning the October 21, 2019-letter to her. *Id.*, ¶ 19. Prior to the time that SRA was served with the Plaintiff's Complaint, Ms. Oberhausen had no other reason whatsoever to believe that her letter to the Plaintiff had not resolved whatever issue prompted her October 15, 2019-letter to SRA. *Id.*, ¶ 20.

9. The Oberhausen declaration demonstrates that even though SRA was under no obligation to do so (because the Plaintiff does not allege that her letter to SRA was sent to SRA during the corresponding "contest period" contemplated by 15 U.S.C. § 1692g for whatever debt she was inquiring about), SRA accurately verified that the debt was owed by the Plaintiff in the correct amount shown in SRA's records. Even if it is assumed *arguendo* that Plaintiff's missing letter somehow hypothetically communicated something actually amounting to a "dispute," SRA had no way of knowing that the Plaintiff thereafter disagreed with its response because the Plaintiff never told SRA that she disagreed.

10. In February 2020, before the filing of the Complaint originating this litigation and prior to the date that SRA was served with a Summons and Complaint in this action, SRA

voluntarily deleted the single trade line associated with the October 21, 2019-letter to the Plaintiff. *Id.*, ¶ 21. Plaintiff's claim was thus mooted before it was filed.

11. Alternatively, SRA invokes the FDCPA 15 U.S.C. § 1692k(c) "bona fide error" defense for reasons explained in Exhibit B hereto and the accompanying supporting memorandum.

12. If, for any reason, SRA's Motion is not granted at this time on the merits, SRA alternatively moves the Court for a more definite statement of claim.

WHEREFORE PREMISES CONSIDERED, it is respectfully submitted that SRA's Motion to Dismiss is well taken and should be granted. Alternatively, if the Motion is not granted, the Court is requested to direct the Plaintiff to file an amended complaint, appropriately exhibiting all documentation referenced therein, and otherwise addressing the numerous pleading deficiencies in the current Complaint.

RESPECTFULLY SUBMITTED this 30th day of June 2020.

        SMITH, ROUCHON & ASSOCIATES, INC.,

**By:** */s/ William V. Westbrook, III*
      **WILLIAM V. WESTBROOK, III, MSB #7119**
      Page, Mannino, Peresich & McDermott, PLLC
      759 Howard Avenue
      Biloxi, MS 39530
      Telephone: 228-374-2100
      Facsimile: 228-432-5539
      cwestbrook@PMP.org